IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SONYA COLON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16-cv-10581 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| KORY McLAUGHLIN, in both his individual ) | |
| capacity and his official capacity as a police ) | |
| officer for the City of Naperville; SEAN ) | |
| DRISCOLL, in both his individual capacity ) | |
| and his official capacity as a police officer for ) | |
| the City of Naperville; and the CITY OF ) | |
| NAPERVILLE, an Illinois municipal ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sonya Colon ("Colon") claims that Defendants Kory McLaughlin, Sean Driscoll, and the City of Naperville ("City") violated the Fourth Amendment to the United States Constitution by unreasonably seizing her vehicle after her son was arrested for driving it while intoxicated. Colon alleges that the seizure was undertaken pursuant to an unconstitutional City ordinance and motivated by animus towards her family. Now before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 13.) For the reasons explained below, the motion is granted.

## BACKGROUND

The following facts taken from Colon's complaint are accepted as true and viewed in the light most favorable to her for purposes of the instant motion. *See, e.g.*, *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

On November 21, 2014, Officer McLaughlin and Officer Driscoll, both police officers for the City of Naperville, pulled over Colon's son, Jason, based on suspicion of drunk driving. (Compl. ¶¶ 8–9, Dkt. No. 1.) Jason explained to the officers that the vehicle was listing to the right because it was damaged and that "the car [was] not okay to drive." (*Id.* ¶ 9.) Nonetheless, the officers arrested Jason for driving under the influence, a Class A misdemeanor under the Illinois Vehicle Code. (*Id.*) The officers ran the license plate and found out that the vehicle belonged to Colon. (*Id.* ¶ 10.) The Naperville Police Department subsequently called Colon, informed her of her son's arrest, and asked her to retrieve her dogs from the car. (*Id.* ¶ 11.) When she arrived at the scene, Colon told Officer Driscoll that she owned the car and asked to drive it home. (*Id.* ¶ 14.) She further explained that, "[t]he car is damaged, and it wasn't even supposed to be driven" because "[t]he whole steering wheel is upside down." (*Id.*) Colon added that she planned to get the car fixed but the repair "was taking all the money" she had and, as such, she could not afford to pay for towing expenses. (*Id.*) Officer Driscoll then searched the vehicle. (*Id.* ¶ 16.) Although he found no contraband or evidence of any criminal offense, he did not allow Colon to drive her vehicle and instead had it towed from the scene. (*Id.* ¶¶ 16–17.) According to Colon, the officers towed her vehicle because of ill will against her family relating to her son's prior police contacts. (*Id.* ¶ 18.) As a result, Colon was deprived of her vehicle from November 21, 2014 until about March 10, 2015.[1] (*Id.* ¶ 26.)

## DISCUSSION

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[1] With this lawsuit, Colon seeks declaratory relief to the effect that § 11-5B-13 of the Municipal Code of Naperville Illinois is unconstitutional, compensatory and punitive damages, and an award of attorney's fees and litigation costs.

2

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the complaint need not contain detailed factual allegations, there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**I.**

Colon alleges that her vehicle was unlawfully seized and impounded by the Naperville Police Department in violation of the Fourth Amendment, which protects individuals against unreasonable searches and seizures. *See* U.S. Const. amend. IV. "[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Riley v. California*, 134 S. Ct. 2473, 2483 (2014) (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). To determine whether a seizure was reasonable, courts look at the totality of the circumstances, "assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *Wyoming v. Houghton*, 526 U.S. 295, 299–300 (1999).

Colon has sued the City of Naperville as well as McLaughlin and Driscoll, for the unconstitutional seizure of her car.[2] Local governing bodies, such as the City of Naperville, may

---

[2] Colon has sued McLaughlin and Driscoll in both their individual and official capacities. An action under 42 U.S.C. § 1983 allows a party to sue a "person" in his or her individual or official capacity. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Official-capacity suits are simply "another way of pleading an action against an entity of which an officer is an agent." *Id.* at 690 n.55. In effect, an official-capacity suit is not a suit against the government official individually, but rather against the local government entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). By contrast, an individual-capacity suit seeks to impose personal liability on an individual who, under the color of state law, custom, or policy, violates a party's constitutional rights. *Id.* Here, because Colon has also named the City of Naperville as a

be sued directly for constitutional violations under 42 U.S.C. § 1983 only if the unconstitutional act about which the plaintiff complains was caused by (1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policy-making authority. *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). A plaintiff asserting such a claim must show that the official policy or custom was the direct cause or moving force behind the deprivation of their constitutional rights. *See Pyles v. Fahim,* 771 F.3d 403, 409–10 (7th Cir. 2014). To do this, a plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown,* 520 U.S. 397, 404 (1997).

Colon alleges that the City of Naperville is responsible for the unconstitutional seizure of her car because the impoundment was authorized by § 11-5B-13 of the Naperville Municipal Code. She contends that this provision is unconstitutionally broad insofar as it purports to authorize Naperville police officers to have a motor vehicle towed simply because the officers have probable cause to believe that the vehicle was used in connection with certain criminal offenses. As for McLaughlin and Driscoll, Colon contends that each should be held individually liable because they did not impound the vehicle for any justified reason and instead acted out of animus towards her family when they seized her car.

Despite Colon's assertion that the seizure was unjustified, her own allegations establish that the impoundment was in line with the police officers' community caretaking functions. An impoundment by the police is reasonable if it is supported by probable cause or if it is undertaken in furtherance of "public safety" or "community caretaking functions," such as removing

---

Defendant, the claims against McLaughlin and Driscoll in their official capacities are duplicative and properly dismissed. *See Alicea v. City of Chi.*, No. 02-cv-0027, 2002 WL 1021553, at *4 (N.D. Ill. May 20, 2002).

"disabled or damaged vehicles" and "automobiles which violate parking ordinances, and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic." *United States v. Duguay*, 93 F.3d 346, 352 (7th Cir. 1996) (quoting *South Dakota v. Opperman*, 428 U.S. 364, 368–69 (1976)). "An impoundment must either be supported by probable cause, or be consistent with the police role as 'caretaker' of the streets and completely unrelated to an ongoing criminal investigation." *Duguay*, 93 F.3d at 352. Vehicles are frequently taken into police custody in the interest of public safety and as part of "community caretaking functions." *Opperman*, 428 U.S. at 368.

Prior to the seizure, both Colon and her son made McLaughlin and Driscoll aware that the vehicle was damaged. (Compl. ¶¶ 9, 14.) Colon's son specifically informed the police that "the car was not okay to drive" because it was damaged and, as a result, tended to list to the right. (*Id.* ¶¶ 7, 9.) When Colon arrived on the scene, she reiterated that the car was damaged, explaining that "[t]he whole steering wheel is upside down" and it "wasn't even supposed to be driven." (*Id.* ¶ 14.) Thus, according to Colon's own allegations in the complaint, the car was unsuitable to drive. What Colon has failed to allege is that the car was capable of being driven without endangering the public safety. Without such allegations, Colon cannot establish that impounding the vehicle was not in furtherance of McLaughlin and Driscoll's community caretaking functions. While Colon was present at the scene and able to drive the vehicle, Colon has not alleged that she could have removed the vehicle without endangering the public. Therefore, the Fourth Amendment claim fails because Colon's allegations reveal that the officers had a constitutionally permissible reason to seize her car.

**II.**

Colon also challenges the constitutionality of § 11-5B-13 of the Naperville Municipal Code. Section 11-5B-13 provides that whenever a police officer has probable cause to believe that a vehicle is an "unlawful vehicle," the police officer may authorize the towing of the vehicle. Unlawful vehicles include stolen vehicles or vehicles used in the commission of a Class A misdemeanor or a felony, or vehicles driven by someone for whom there is an active warrant for his or her arrest. Naperville Municipal Code 11-5B-1.

In considering a challenge to the constitutionality of a statute, a court must determine whether the plaintiff is challenging the statute "facially" or "as-applied." *See Ctr. for Individual Freedom v. Madigan*, 697 F.3d 464, 475 (7th Cir. 2012). A facial challenge occurs where the relief sought would reach beyond the plaintiff's particular circumstances. *Id.* An "as-applied" challenge exists when a plaintiff claims that a statute as applied to his or her particular situation is unconstitutional. Generally, facial challenges are disfavored as they "threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented in a manner consistent with the Constitution." *See Wash. State Grange v. Wash. State Republican Party,* 552 U.S. 442, 450–51 (2008). Further, a "facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

Colon asks this Court to declare Section 11-5B-13 "unconstitutional insofar as it purports to authorize Naperville police officers to have motor vehicles towed simply because they have probable cause to believe that they were used in connection with certain criminal offenses." (Compl. at 7.) Because Colon's request for relief extends beyond her unique situation, it is a facial

6

challenge to the statute. This challenge fails, however, because Colon cannot establish that Section 11-5B-13 is unconstitutional as to all seizures actually authorized by it. *Bell v. City of Chi.*, 835 F.3d 736, 738–41 (7th Cir. 2016). Indeed, the Seventh Circuit and courts in this District have upheld similar impoundment ordinances against facial challenges under the Fourth Amendment. *See id.* (affirming dismissal of facial challenge to ordinance allowing police officers to impound vehicles that are not properly registered, used in an illegal manner, or used in connection with an illegal act and noting that at least three types of warrantless seizures authorized by the ordinance were permitted under Supreme Court precedent); *Lintzeris v. City of Chi.*, 276 F. Supp. 3d 845, 848–50 (7th Cir. 2017) ("A vehicle seizure supported by probable cause to believe an offense involving the vehicle occurred is constitutionally reasonable . . . ."). Consequently, Colon cannot maintain a facial challenge to Section 11-5B-13.

### III.

In their motion to dismiss, Defendants also argue that the doctrine of *res judicata* prevents Colon from bringing this lawsuit. The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Walczak v. Chi. Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014) (quoting *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982)). Once a final judgment on the merits has been reached by a court of competent jurisdiction, it bars "any subsequent actions between the same parties or their privies on the same cause of action." *Walczak*, 739 F.3d at 1016 (quoting *Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204 (Ill. 1996)). Thus, if a state court judgment would be granted preclusive effect under state law and the party against whom preclusion is being sought enjoyed a full and fair opportunity to raise his or her federal claim in the state court proceeding, then a federal court

must afford that judgment preclusive effect. *Abner v. Ill. Dep't of Transp.*, 674 F.3d 716, 719 (7th Cir. 2012).

*Res judicata* is an affirmative defense that applies to administrative hearings if the administrative agency is acting in a judicial capacity when it resolves disputed issues of fact properly before it. *See Alvear-Velez v. Mukasey,* 540 F.3d 672, 677 (7th Cir. 2008); *Allahar v. Zahora*, 59 F.3d 693, 696 (7th Cir. 1995). An agency that provides the following safeguards is acting in a judicial capacity: "(1) representation by counsel, (2) pretrial discovery, (3) the opportunity to present memoranda of law, (4) examinations and cross-examinations at the hearing, (5) the opportunity to introduce exhibits, (6) the chance to object to evidence at the hearing, and (7) final findings of fact and conclusions of law." *Reed v. AMAX Coal Co.*, 971 F.2d 1295, 1300 (7th Cir. 1992). This Court requires a more complete factual record to ascertain whether Colon was afforded these procedural safeguards in her administrative hearing. As it stands, it is unclear whether Colon was represented by counsel, obtained discovery, was able to present memoranda of law, had the opportunity to examine witnesses at the hearing, or was given the chance to object to evidence. As such, the Court cannot conclude at the pleading stage that Colon's claim is barred by *res judicata*.

While the Court grants the motion to dismiss for the reasons discussed above, because Defendants have not established the applicability of *res judicata* and Colon may be able to amend her complaint to state a claim, the complaint is dismissed without prejudice.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (Dkt. No. 13) is granted and Colon's complaint is dismissed without prejudice.

ENTERED:

Dated: October 9, 2018

_____
Andrea R. Wood
United States District Judge

9